IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 25–06–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| REBECCA JEAN NICOLE LEAVITT, | |
| Defendant. | |

Before the Court is Defendant Rebecca Jean Nicole Leavitt's pro se motion

to dismiss the Indictment. (Doc. 11.) Leavitt argues that dismissal is warranted due

to "information provided to the federal agent regarding the owner['s] theft,

embezzlement, credit card misuse, [and] HR filings." (Doc. 11 at 1.) Construing

Leavitt's motion liberally, it appears she is arguing that dismissal is warranted

because that information was not provided to the grand jury. (*Id.* at 7.) Leavitt

further alleges that crimes committed by others, including sexual assault, negates

the crimes charged in the Indictment. (*Id.*)

Leavitt was charged by Indictment on March 6, 2025. (Doc. 1.) A Writ of

Habeas Corpus ad prosequendum was issued on April 4, 2025, (Doc. 9) and

Leavitt appeared before this Court on May 8, 2025, for her initial appearance.

(Doc. 14.) Leavitt was appointed counsel at the May 8 hearing. (Doc. 19.)

1

A defendant has the right to represent herself in a criminal trial and the right to the assistance of counsel. *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978) (citing *Faretta v. California*, 422 U.S. 806 (1975) and *Powell v. Alabama*, 287 U.S. 45, 53 (1932)). However, "[a] criminal defendant does not have an absolute right to both self-representation *and* the assistance of counsel." *United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987). In other words, "the right to counsel and the right to proceed *pro se* exist in the alternative." *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir.1987); *see also Locks v. Sumner*, 703 F.2d 403, 407–08 (9th Cir.1983). Although a court may grant permission for hybrid representation, the decision to do so rests in "the sound discretion of the trial court." *Bergman*, 813 F.3d at 1030. "A district court has no obligation to entertain pro se motions filed by a represented party." *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001). The Court declines to do so here.

To the extent Leavitt decides to represent herself, the Court must conduct a *Faretta* hearing. *Faretta v. Calif.*, 422 U.S. 806, 835 (1975). *Faretta* instructs that,

> [a]lthough a defendant need not [herself] have the skill and experience of a lawyer in order to competently and intelligently choose self-representation, [she] should be made aware of the dangers and disadvantages of self-representation, so the record will establish [she] knows what [she] is doing and [her] choice is made with eyes open.

*Id.* (internal quotation marks and citation omitted). No such request has been made in this case. *See United States v. Rice,* 1025 ("Once a defendant makes an

unequivocal request to proceed pro se, the court must hold a hearing—commonly

known as a *Faretta* hearing—to determine whether the defendant is knowingly and

intelligently forgoing his right to appointed counsel.") (citation omitted).

Accordingly, IT IS ORDERED that Leavitt's pro se motion to dismiss the

Indictment (Doc. 11) is DENIED.

DATED this 13th day of May, 2025.

Dana L. Christensen, District Judge
United States District Court